324

## Mrs. Ralph KIDD v. Bill PAVATT

73-103                                          500 S.W. 2d 339

### Opinion delivered October 22, 1973

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellant.

*Gordon, Gordon & Eddy,* for appellee.

GEORGE ROSE SMITH, Justice. This is an appeal from a $30,000 personal injury award to the appellee. The appellant's single contention is that the verdict is excessive. That issue depends essentially upon whether there is substantial evidence establishing a causal connection between the plaintiff's injuries and a heart attack which he suffered about three months after the accident in which he was hurt.

On January 14, 1972, Pavatt, age 36, was riding as a passenger in a pick-up truck. While the vehicle was standing on the highway it was struck so violently from the rear by a car driven by the appellant that the bolts anchoring the seat of the truck were snapped. Pavatt was thrown forward against the dashboard, suffering injuries to his neck and back.

Three days later Pavatt consulted his family physician, Dr. Hickey, who found stiffness, soreness, and pain in the patient's back and neck. Inasmuch as Pavatt had an abnormally fast heartbeat, Dr. Hickey put him in the Conway County Hospital, where a number of tests, including electrocardiograms, were made. Dr. Hickey's final diagnosis was "a sprain of the cervical, dorsal, and lumbosacral spine, arteriosclerotic heart disease, coronary sclerosis, and multiple contusions and abrasions." After Pavatt's discharge from the hospital he continued to have pain and soreness in his neck and back and was treated by Dr. Hickey in February and March.

Pavatt again visited Dr. Hickey on April 29. In addition to the earlier complaints Pavatt was then suffering from chest pains. Dr. Hickey made another electrocardiogram, which showed evidence of a heart attack—myocardial infarction. Dr. Hickey again put his patient in the hospital. Dr. Hickey testified at the trial that Pavatt had a 20% permanent disability, of which 5% was related to the neck and back injuries and 15% to the heart condition.

Pavatt admittedly was suffering from arteriosclerotic heart disease at the time of the accident, but it had not been disabling. The question is whether the accident aggravated or activated his condition, within the rule stated in *Owen* v. *Dix,* 210 Ark. 562, 196 S.W. 2d 913 (1946): "The rule appears to be well settled that when a defendant's negligence aggravates, or brings into activity, a dormant or diseased condition or one to which the injured person is predisposed, the defendant is liable to the injured person for the full amount of the damages which ensue, notwithstanding such diseased or weakened condition."

Dr. Hickey testified that in his opinion there was probably a causal relation between Pavatt's myocardial infarction and the neck and back injuries that he sustained in the accident. He explained that pain, nervousness, and tension affect the progress of heart disease and that it is well recognized in medicine that such afflictions can precipitate a heart attack. (A number of

authorities are quoted in Woods, The Heart Attack Case in Workmen's Compensation, 16 Ark. L. Rev. 214 [1962].)

Dr. Hickey is a general practitioner. The appellant's only medical witness was another general practitioner, Dr. Weber, who had studied the medical records on the night before the trial but had not examined Pavatt. Dr. Weber was of the opinion that there was no possible connection between Pavatt's injuries and his heart attack some three months later. It was his view that Pavatt's heart disease had developed over a period of years and could not have been caused or aggravated by the automobile accident.

We can only conclude that the conflicting testimony made a question of fact for the jury. We cannot say that Dr. Hickey's expert opinion is shown to have no reasonable basis. Dr. Hickey explained the reasons for his conclusions. His qualifications are essentially the same as those of Dr. Weber. In our judgment the testimony of each physician amounted to substantial proof supporting the beliefs that he expressed. It was for the jury rather than for the members of this court to determine the factual issue that was presented.

Affirmed.